UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REV. JARMAL JABBAR SANDERS, M.D., <br><br> Plaintiff, <br><br> v. <br><br> DONALD J. TRUMP, ET AL., <br><br> Defendants. | Case No. 2:20-cv-02299-JAD-DJA <br><br> **REPORT AND RECOMMENDATION** |

This matter is before the Court on pro se Plaintiff Rev. Jarmal Jabbar Sanders, M.D.'s application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 2) and Complaint (ECF No. 1), filed on November 10, 2020 in the Middle District of Alabama. This case was subsequently transferred to the District of Nevada on December 18, 2020.

Plaintiff's application indicates that he has no income and no expenses. As such, with a complete lack of information, it is difficult to determine if he is eligible to proceed on an *in forma pauperis* basis. However, given the fatal flaws in the complaint, the Court will recommend that his application be denied as moot.

Preliminarily, Plaintiff does not appear to allege a ripe controversy as he possibly attempts to claim voter fraud in past presidential election. He claims that the Nevada Secretary of State used software that excluded his name form being placed on the ballot in every county in Nevada. As such, he appears to claim that he wanted to run for election in Nevada. Plaintiff also contends that former President Donald Trump encouraged that action – solely based on his prior office. Finally, Plaintiff alleges that his primary injury is emotional distress, which he values at 900 trillion dollars, because he claims that his platform promised 1 million dollars in economic stimulus checks for <u>each American citizen</u>. Plaintiff does not address how he could run for office in Nevada when he is a resident of Alabama.

18 U.S.C. § 1915(d) gives the court the power to dismiss "claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Plaintiff has failed to state any sort of cognizable claim, or even any claim at all. The Court cannot decipher any logical set of facts in his submission, or any rights that may have been violated. As such, the Court therefore concludes that this case is frivolous because it lacks an arguable basis in law and fact. *See Neitzke*, 490 U.S. at 325. As Plaintiff's complaint is factually frivolous and does not set forth a plausible claim, it should be dismissed without leave to amend as it is apparent that amendment is futile.

## RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this case be **DISMISSED** and that Plaintiff's application to proceed *in forma pauperis* be **DENIED** as moot.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: April 7, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE